IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

(1) JOHN DOE, an individual,

    Plaintiff,

v.

(1) UNIVERSITY OF TULSA, a private educational institution; and,
(2) LARRY PUTMAN, individually and in his official capacity; and
(3) MATT WARREN, individually and in his official capacity,

    Defendants.

Case No. 22-cv-00408-CVE-JFJ

## NOTICE OF REMOVAL

Defendant University of Tulsa removes this action to the United States District Court for the Northern District of Oklahoma pursuant to 28 U.S.C. §§ 1331, 1441(a), and 1446. This action is removable because Plaintiff's only claim for relief presents a federal question over which this Court has original jurisdiction under 28 U.S.C. § 1331. In support of removal, TU states:

### Procedural History

1. On July 29, 2022, Plaintiff filed a *Petition* against TU and its co-defendants commencing the civil action styled *John Doe v. University of Tulsa, et. al*, Case No. CJ-2022-2421 in the District Court of Tulsa County, State of Oklahoma (the "State Court Action").

2. On September 6, 2022, Plaintiff effected service on TU.

3. TU has filed this *Notice of Removal* within the thirty-day period provided by 28 U.S.C. § 1446(b) and within one year of the commencement of the action as required by 28 U.S.C. § 1446(c)(1).

4. Before serving the *Petition*, Plaintiff filed a *Motion for Protective Order* on August 1, 2022, and a *Motion to Proceed Under Pseudonym* on August 2, 2022. The State Court granted

Plaintiff's *Motion to Proceed Under Pseudonym* on August 12, 2022 and has not ruled on Plaintiff's *Motion for Protective Order*.

5. Pursuant to 28 U.S.C. § 1446(a) and Local Rule LCvR 81.2, TU has attached as exhibits to this *Notice of Removal* true and legible copies of all documents filed or served in the State Court Action: a copy of the Docket Sheet from the State Court Action is attached as **Exhibit 1**; a copy of the *Petition* is attached as **Exhibit 2**; a copy of Plaintiff's *Motion for Protective Order* is attached as **Exhibit 3**; a copy of Plaintiff's *Motion to Proceed Under Pseudonym* is attached as **Exhibit 4**; a copy of the State Court's *Order Granting Plaintiff's Motion to Proceed Under Pseudonym* is attached as **Exhibit 5**; and a copy of Plaintiff's *Service of Summons* on TU is attached as **Exhibit 6**. At the time of filing this *Notice of Removal*, there have been no other filings or proceedings in the State Court Action except those attached as **Exhibits 1-6**.

6. TU has not filed a responsive pleading in the State Court Action. In filing this *Notice of Removal*, TU does not waive any defense or counterclaim that may be available.

## Federal Question Jurisdiction

7. The only claims for relief in Plaintiff's *Petition* are for alleged "Sex Discrimination and Retaliation in Violation of Title IX, 20 U.S.C.A. § 1681." Ex. 2, at 5. Plaintiff chose to present a federal cause of action on the face of his *Petition*, which is therefore subject to federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

8. This Court has original jurisdiction under 28 U.S.C. § 1331 over "all civil actions arising under the Constitution, laws, or treaties of the United States," including Plaintiff's.

## Removal Venue and Notice

9. Removal venue is appropriate in this Court, as this Court embraces the district in which the State Court Action was pending.

10.     Written notice of the filing of this *Notice of Removal* will be given promptly to counsel for Plaintiff, and a copy of the *Notice of Removal* will be filed with the Clerk of the District Court of Tulsa County, Oklahoma, as required by 28 U.S.C. § 1446(d).

### Conclusion

11.     This action may be removed to this Court by TU pursuant to 28 U.S.C. § 1441(a) because it is "civil action brought in a State court of which the district courts of the United States have original jurisdiction."

12.     Therefore, under the applicable provisions of 28 U.S.C. §§ 1331, 1441, and 1446, TU has complied with all necessary requirements and is entitled to remove this action.

Accordingly, TU removes all claims in the State Court Action from the District Court of Tulsa County, Oklahoma, to the United States District Court for the Northern District of Oklahoma.

Respectfully submitted:

*s/Chris S. Thrutchley*
Christopher S. Thrutchley, OBA No. 15859
**GABLEGOTWALS**
110 North Elgin Avenue, Suite 200
Tulsa, OK 74120
(918) 595-4800
(918) 595-4990 (fax)
cthrutchley@gablelaw.com

***Attorney for Defendant,***
***The University of Tulsa***

## CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2022, I mailed the foregoing document with postage prepaid, and sent via e-mail, to the following:

Daniel E. Smolen, OBA No. 19943
SMOLEN & ROYTMAN
701 South Cincinnati Ave.
Tulsa, OK 74119
T: (918) 585-2667
F: (918) 585-2669
*danielsmolen@ssrok.com*

Mark A. Smith, OBA No. 31231
CARUSO & SMITH, PLLC
P.O. Box 52186
Tulsa, OK 74152
T: (918) 583-5900
F: (918) 583-5902
*mark.smith@smithlegalok.com*

***Attorneys for Plaintiff,
John Doe***

*s/Chris S. Thrutchley*
Christopher S. Thrutchley