IN THE DISTRICT COURT FOR TULSA COUNTY
STATE OF OKLAHOMA

**DISTRICT COURT**
**FILED**

JUL 29 2022

DON NEWBERRY, Court Clerk
STATE OF OKLA. TULSA COUNTY

(1) JOHN DOE, an individual, )
)
Plaintiff, ) Case No.
)
v. ) **CJ-2022-02421**
) Hon. Judge
(1) UNIVERSITY OF TULSA, a private )
educational institution; and )
(2) LARRY PUTMAN, individually and ) Attorney Lien Claimed    Caroline Wall
in his official capacity; and ) Jury Trial Demanded
(3) MATT WARREN, individually and )
in his official capacity, )
)
Defendants. )

## PETITION

COMES NOW, the Plaintiff, John Doe[1], by and through his counsel of record, Daniel E. Smolen, of Smolen & Roytman, and for his cause of action against the Defendants, University of Tulsa (hereinafter "TU"), Larry Putman, and Matt Warren, hereby states and alleges as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff John Doe is a resident of Tulsa County, Oklahoma.

2. Plaintiff is a former student at Defendant TU.

3. Defendant TU is a private, not-for-profit educational institution with its primary campus in Tulsa, Oklahoma.

4. Defendant TU receives federal funding and is subject to Title IX of the Education Amendments of 1972, 20 U.S.C.A. §1681(a).

---

[1] The pseudonym John Doe is being used to protect Plaintiff's confidentiality and privacy rights and to protect him from further harm and discrimination.

**EXHIBIT 2**

5. Defendant Larry Putman was the Associate Dean of Students for Defendant TU at the time the incidents giving rise to this action occurred. Upon information and belief, Mr. Putman was subsequently terminated from his role as Associate Dean of Students

6. Defendant Matt Warren was Defendant TU's Title IX Coordinator at the time the incidents giving rise to this action occurred. Upon information and belief, Mr. Warren was subsequently terminated from his role as Title IX Coordinator specifically related to his mishandling of several Title IX matters.

7. Venue is proper as all acts alleged herein occurred in Tulsa County, Oklahoma.

## FACTUAL ALLEGATIONS

8. In March of 2019, Plaintiff and Jane Doe[2] attended a formal event together in Branson, Missouri through Plaintiff's fraternity. Ms. Doe was Plaintiff's date. The event took place over the course of a weekend, from Friday through Sunday and Plaintiff had a hotel room with a fellow fraternity brother and his date at the resort where the formal was held.

9. In the months leading up to the formal, Plaintiff and Ms. Doe engaged in several consensual sexual acts.

10.

11.

12. On Saturday night of the formal event, Ms. Doe and Plaintiff drank alcohol and attended the formal dinner and dance together. They engaged in sexual intercourse in their hotel room.

13.

---

[2] Plaintiff is using an anonymous pseudonym to protect Ms. Doe's privacy.

14. Around (10) months following the event, a friend of Ms. Doe shouted "There is a rapist at your party" in the presence of TU campus security while on her way out of a party hosted at Plaintiff's fraternity house. Campus security followed her from the party and questioned her about her statement. The friend, who was not present in Branson, MO during the formal, accused the Plaintiff of sexually assaulting her friend, Ms. Doe. An investigation was initiated, and Title IX proceedings occurred in which there were two hearings and two appeals. Said proceedings and the serious irregularities and discriminatory conduct of those involved in carrying out said proceedings have given rise to this action.

15. Plaintiff was treated as guilty by Defendants Matt Warren and Larry Putman from the beginning of the proceedings. He was treated in a demeaning and humiliating manner by both individuals.

16. Defendants violated Plaintiff's rights under Title IX by, *inter alia*, denying Plaintiff the same opportunity afforded Ms. Doe to access witness lists and investigation materials and was therefore denied the same opportunity as Ms. Doe to prepare for and defend against the claim of sexual assault.

17. The Defendants allowed Ms. Doe to have friends attend the hearings who gave character statements in favor of Ms. Doe and against the Plaintiff – in clear violation of Defendant's policies and procedures for Title IX hearings.

18. The First Hearing Board found that Plaintiff had, more likely than not, sexually assaulted Ms. Doe.

19. Plaintiff appealed and the First Appeal Board – after a month of deliberations – reversed the First Hearing Board's decision based on the procedural irregularities raised by Plaintiff.

The First Appeal Board noted specifically that the character witnesses presented by Ms. Doe were impermissible.

20. While the First Appeal Board was deliberating Plaintiff's appeal, Defendant Larry Putman adjudicated a separate student conduct violation against Plaintiff. Specifically, a trespass ban had been imposed on Plaintiff and other members of his fraternity for approximately two months from April 6, 2020 to May 31, 2020. Defendant Putman subsequently suspended Plaintiff on July 21, 2020 until December 30, 2020 because his vehicle was spotted on campus on June 26, 2020 – nearly an entire month after the trespass ban expired.

21. Plaintiff appealed this suspension for the obvious reason that the trespass ban had expired on May 31, 2020 when his vehicle was found on campus on June 26, 2020. This appeal was pending when his Second Hearing Board was taking place.

22. Despite the pending appeal – and despite having no bearing on or relevance to the accusations leveled by Ms. Doe – Putman and Warren introduced evidence of the trespass ban violation to the Second Hearing Board who then referenced this unrelated matter in their decision.

23. Warren and Putman also allowed the very same character witnesses from the first hearing to appear before the Second Hearing Board, in defiance of the First Appeal Board's decision and in continued violation of TU's own procedures. Furthermore, the Plaintiff was not informed that the character witnesses would be present at the second hearing.

24. Plaintiff was subsequently found responsible for sexual assault and expelled.

25. Plaintiff again appealed, citing the very same violations of Defendant's own policies and the introduction of the prejudicial, unrelated, and pending-appeal trespass ban violation as reasons for a new hearing.

26. The Second Appeal Board rendered its decision within 72 hours and upheld the Second Hearing Board's decision and Plaintiff's expulsion.

27. This decision was rendered on the evening of August 13, 2020 – mere hours before changes to Title IX rules went into effect on August 14, 2020 which would have taken this matter outside the umbrella of Defendant's Title IX enforcement as the alleged events took place off campus and out of state.

28. The factual allegations set forth above illustrate only some of the ways Defendants unfairly discriminated against Plaintiff because of his gender.

29. Plaintiff was expelled and forced to seek enrollment at a new university.

30. Plaintiff's reputation has also been harmed by these proceedings in that Plaintiff has been approached by total strangers who are unconnected to this situation and has been told he is dangerous and should not be around women or allowed to attend TU, despite the fact that Plaintiff had been expelled.

## CLAIM I
### Sex Discrimination and Retaliation in Violation of Title IX, 20 U.S.C.A. §1681

31. Plaintiff incorporates as if re-alleged the preceding paragraphs.

32. Defendants deliberately ignored policies and procedures in adjudicating the Title IX claim against Plaintiff.

33. Defendants deliberately ignored the findings of the First Appeal Board when it allowed a character witness to testify on the claimant's behalf to the Second Hearing Board.

34. Defendants intentionally and unfairly adjudicated a separate, unrelated student code of conduct matter against Plaintiff and then presented evidence of the other violation to the Second Hearing Board.

35. Defendants unfairly influenced the Second Appeal Board and rendered a decision mere hours before Title IX rule changes went into effect which would have prevented the school from taking enforcement action against Plaintiff.

36. Defendants' conduct, including but not limited to the aforementioned facts, constitutes unfair gender-based discrimination and retaliation in violation of Title IX.

37. As a result, Plaintiff has suffered injuries including mental anguish, emotional distress, other actual damages, and punitive damages in excess of seventy-five thousand dollars ($75,000.00).

WHEREFORE, based on the foregoing, Plaintiff prays this Court grant the relief sought, including but not limited to actual, compensatory damages, and punitive damages in excess of Seventy-Five Thousand Dollars ($75,000.00), with interest accruing from the date of filing suit, the costs of bringing this action, a reasonable attorneys' fee, along with such other relief as is deemed just and equitable.

Respectfully submitted,

Daniel E. Smolen, OBA# 19943
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

Mark A. Smith, OBA No. 31231
Caruso & Smith, PLLC
P.O. Box 52186
Tulsa, Oklahoma 74152-0186
(918) 583-5900 (telephone)
(918) 583-5902 (fax)
mark.smith@smithlegalok.com
*Attorneys for Plaintiff*