IN THE DISTRICT COURT IN AND FOR
THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) EYAN HOLMSTROM, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. Case 4:22-cv-00408-CVE-JFJ |
| (1) UNIVERSITY OF TULSA,<br>(2) LARRY PUTMAN, and<br>(3) MATT WARREN, | ) |
| Defendants. | ) |

**PLAINTIFF'S RESPONSE TO DEFENDANT
UNIVERSITY OF TULSA'S MOTION TO DISMISS**

COMES NOW, the Plaintiff, by and through his counsel of record, and requests that the Court enter a Protective Order allowing Plaintiff to use a pseudonym in order to protect his identity from the public throughout this litigation. In support, Plaintiff shows the Court as follows:

**1. Plaintiff's Allegations of Gender Bias**

Defendant argues Plaintiff failed to make sufficient allegations of gender bias. Dkt. 13 at p. 4. However, Defendant relies on a single paragraph (¶ 33) of Plaintiff's Amended Complaint (Dkt. 12) to support this assertion- wholly ignoring paragraphs 8-27 of Plaintiffs Amended Complaint (Dkt. 12). Dkt. 13 at p. 6. Defendant's facially disingenuous argument to the Court is enough to deny Defendant's Motion to Dismiss (Dkt. 13).

Circuit Courts have differed on the required pleading standards when a student challenges disciplinary proceedings as discriminatory. The 6th Circuit has recognized "four theories of Title IX liability in cases alleging gender bias in university disciplinary proceedings: (1) erroneous outcome, (2) selective enforcement, (3) deliberate indifference, and (4) archaic assumptions." *Doe*

1

*v. Univ. of Dayton*, 766 Fed. Appx. 275, 280 (6th Cir. 2019). Other Circuits find the 6th Circuit's theories as simply examples of where sex is a motivating factor in university decision making. *Doe v. Purdue Univ.*, 928 F.3d 652, 667–68 (7th Cir. 2019)("All of these categories simply describe ways in which a plaintiff might show that sex was a motivating factor in a university's decision to discipline a student. We prefer to ask the question more directly: do the alleged facts, if true, raise a plausible inference that the university discriminated against John 'on the basis of sex.'"); *Doe v. Samford Univ.*, 29 F.4th 675 (11th Cir. 2022). "[S]everal circumstances taken together are sufficient to state a claim to relief that is plausible on its face." *Doe v. Univ. of Arkansas - Fayetteville*, 974 F.3d 858, 864 (8th Cir. 2020).

The 10th Circuit has found procedural irregularities are sufficient to establish a prima facie case of sex discrimination. *Doe v. Univ. of Denver*, 1 F.4th 822, 831 (10th Cir. 2021). The 10th Circuit also found evidence of pressure on a university, in addition to procedural irregularities, is sufficient to raise a question of fact as to pretext for any legitimate excuse a university may offer as a defense. *Id.* at 836.

Here, Plaintiff has alleged gross procedural irregularities and pressure on Defendant to render a speedy decision before new regulations would remove the alleged sexual assault from the province of the Defendant's investigatory and disciplinary powers because the alleged incident occurred off-campus. See Amended Complaint (Dkt. 12) at ¶¶ 12- 24. Plaintiff has alleged sufficient facts to plausibly raise an inference of sex discrimination in the disciplinary proceeding against Plaintiff.

Defendant's reliance on *Doe v. Univ. of Colo.*, 255 F. Supp. 3d 1064 (D. Colo. 2017) is misplaced as the factual allegations made by Plaintiff herein are clearly distinguishable. In *Doe v. Univ. of Colo.*, the plaintiff cited four facts to support his claim of sex discrimination in a

disciplinary proceeding: the University "employed an all-female Title IX team", anti-male bias of an investigator, the university was subject to a Department of Education investigation into the University's handling of sexual violence and sexual harassment complaints, and the University investigates and disciplines men for suspected sexual misconduct far more often than women. *Doe v. Univ. of Colorado*, 255 F. Supp. 3d 1064, 1078 (D. Colo. 2017). Plaintiff's allegations herein of gross procedural irregularities and Defendant's rush to beat the clock on amended regulations clearly distinguish his case from that of *Doe v. Univ. of Colo.*

### 2. Plaintiff's Claim of Retaliation

Plaintiff claims the same procedural irregularities underlying his claim of discrimination were taken in retaliation for Plaintiff's opposition to the false allegations of sexual assault against him. Defendant argues only a complainant of sexual misconduct can have a claim for retaliation. Dkt. 13 at pp. 6-7. However, Defendant identifies no case law supporting such an assertion. Plaintiff has the same protections under Title IX to defend himself and be free from retaliation for that defense as an alleged victim has from retaliation for reporting a sexual assault. *Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 183, 125 S. Ct. 1497, 1510, 161 L. Ed. 2d 361 (2005).

### 3. Plaintiff's Damages for Mental Anguish, Emotional Distress and Punitive Damages

Defendant relies on *Cummings* to argue that Plaintiff cannot recover for mental anguish, emotional distress and punitive damages. Dkt. 13 at pp. 8-9. However, *Cummings* involved funding recipients' notice of such remedies under the Rehabilitation Act and the Patient Protection and Affordable Care Act (ACA). *Cummings v. Premier Rehab Keller, P.L.L.C.*, 212 L. Ed. 2d 552, 142 S. Ct. 1562 (2022). Although Title IX is a Spending Clause statute as the Rehabilitation Act and the ACA, no court decision has expressly found emotional distress damages unavailable under

3

Title IX. Punitive damages are not available under Title IX. *Barnes v. Gorman*, 536 U.S. 181, 189, 122 S. Ct. 2097, 2103, 153 L. Ed. 2d 230 (2002).

"[A] damages remedy is available for an action brought to enforce Title IX." *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 76, 112 S. Ct. 1028, 1038, 117 L. Ed. 2d 208 (1992). Although such damages are measured under a quasi-contract law theory, "the contract-law analogy may fail to give such helpfully clear answers to other questions that may be raised by actions for private recovery under Spending Clause legislation, such as the proper measure of compensatory damages." *Barnes*, 536 U.S. at 191.

Indeed, students are not employees, and the concept of back pay and purely economic damages would do little to compensate Title IX discrimination victims- creating a right without any real remedy. *Cummings,* 212 L. Ed. 2d 552, 142 S. Ct. at 1582 (2022)(J. Breyer dissenting)("Indeed, victims of intentional discrimination may sometimes suffer profound emotional injury without any attendant pecuniary harms."); *Franklin v. Gwinnett Cnty. Pub. Sch.*, 503 U.S. 60, 76, 112 S. Ct. 1028, 1038, 117 L. Ed. 2d 208 (1992)("Backpay does nothing for petitioner, because she was a student when the alleged discrimination occurred."). "We have acknowledged the contract-law analogy, but we have been clear 'not [to] imply ... that suits under Spending Clause legislation are suits in contract, or that contract-law principles apply to all issues that they raise.'" *Sossamon v. Texas*, 563 U.S. 277, 290, 131 S. Ct. 1651, 1661, 179 L. Ed. 2d 700 (2011)(quoting *Barnes,* 536 U.S. at 189, n. 2, 122 S.Ct. 2097).

While *Cummings* implicates emotional distress damages under Title IX, the case says nothing of other forms of non-pecuniary damages nor any other limitation on the appropriate measure of compensatory damages. *Barnes*, 536 U.S. at 184 (Affirming jury award of over $1 million in compensatory damages for serious medical problems that left the plaintiff unable to

work full time.). While punitive damages are not available to Plaintiff under Title IX claims, Plaintiff should not be otherwise limited in request for non-pecuniary damages at the pleading stage and without the aid of discovery.

**WHEREFORE**, premises considered, Plaintiff respectfully requests that the Court deny Defendant's Motion to Dismiss (Dkt. 13). Alternatively, Plaintiff requests an opportunity to plead further details of Defendant's investigation, procedures, reports, and other actions of individuals involved in Plaintiff's underlying disciplinary proceedings.

Respectfully submitted,

/s/ Mark A. Smith
Mark A. Smith, OBA No. 31231
Caruso & Smith, PLLC
P.O. Box 52186
Tulsa, Oklahoma 74152-0186
(918) 583-5900 (telephone)
(918) 583-5902 (fax)
mark.smith@smithlegalok.com

Daniel E. Smolen, OBA# 19943
SMOLEN & ROYTMAN
701 South Cincinnati Avenue
Tulsa, Oklahoma 74119
P: (918) 585-2667
F: (918) 585-2669

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

       This is to certify that on this, the 11th day of November 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and based on the current filings of record, understand that a transmittal of a Notice of Electronic Filing will be sent to all parties and counsel of record, including:

Christopher S. Thrutchley, OBA No. 15859  
GABLEGOTWALS  
110 North Elgin Avenue, Suite 200  
Tulsa, OK 74120  
(918) 595-4800  
(918) 595-4990 (fax)  
cthrutchley@gablelaw.com  
*Attorney for Defendant,*  
*The University of Tulsa*

                                               /s/ Mark A. Smith_____  
                                               Mark A. Smith